IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

                 Plaintiff,

    v.

CODY JOE JONAS,

                 Defendant.

No. 1:08-cr-30007-PA

**ORDER**

**PANNER, District Judge:**

    Defendant Cody Joe Jonas moves under 28 U.S.C. § 2255 to set aside his sentence.  I deny the motion.

**BACKGROUND**

    Defendant was indicted in 2008 for robbery of a casino, in violation of 18 U.S.C. § 1951.  The government's plea offer required that Defendant agree he had three prior felony convictions for crimes of violence, making him a career offender under U.S.S.G. § 4B1.1.  Gov't Resp., Ex. 2 at 11, ECF No. 29-2

1  - ORDER

(plea offer).  Donald Scales, Defendant's attorney, advised
Defendant that the three prior convictions qualified as crimes of
violence.  Scales told Defendant that if Defendant rejected the
plea offer, he could be charged under the Armed Career Criminal
Act, which carries a mandatory minimum sentence of 180 months and
a higher guideline range.  18 U.S.C. § 924(e); U.S.S.G. § 4B1.4.
Unlike the career offender guideline, which requires two prior
convictions for crimes of violence or controlled substance
offenses, the Armed Career Criminal Act requires at least three
prior convictions for violent crimes or drug offenses.

        Based on his attorney's advice, Defendant accepted the plea
offer.  In accepting the plea agreement, Defendant waived his
right to file  collateral attacks on his sentence, including
motions under § 2255, other than for ineffective assistance of
counsel.  Gov't Resp., Ex. 2 at 12.

        At sentencing, I adopted the presentence report's conclusion
that Defendant's guideline range as a career offender was 151 to
188 months, based on a total offense level of 29 and a criminal
history category of VI.  I sentenced Defendant to the low end of
the range.  If Defendant had not been sentenced as a career
offender, his offense level would have been three levels lower,
but his criminal history category would still be VI, for a
guideline range of 120 to 150 months.

        The judgment of conviction issued December 4, 2008.

2   - ORDER

Defendant did not file a direct appeal.

In 2014, Defendant filed the current § 2255 motion pro se. This court appointed the Federal Public Defender to represent Defendant.

## LEGAL STANDARDS

Section 2255 allows a federal prisoner to move to set aside a sentence because "the sentence was imposed in violation of the Constitution or laws of the United States"; "the court was without jurisdiction to impose such sentence"; "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C. § 2255(a).

## DISCUSSION

## I.  Defendant Has Not Shown Ineffective Assistance of Counsel

In his plea agreement, Defendant waived his right to challenge his sentence with a motion under § 2255, unless the motion was based on ineffective assistance of counsel.   To proceed with this motion, Defendant must show that he received ineffective assistance of counsel.

### A.  Background

Scales, Defendant's attorney, advised Defendant that three of his prior convictions qualified as crimes of violence under U.S.S.G. § 4B1.1, and that if Defendant rejected the plea offer, he could be subject to a charge under the Armed Career Criminal Act, which carries a mandatory minimum sentence of 180 months and

a higher guideline range.   18 U.S.C. § 924(e).

Defendant now states that Scales incorrectly advised him
that the Washington conviction for third-degree assault qualified
as a crime of violence.   Defendant contends he would have
rejected the plea offer and gone to trial if he had known he was
not subject to the 180-month sentence under the Armed Career
Criminal Act.

**B.   Legal Standards for Ineffective Assistance Claims**

To establish a claim for ineffective assistance of counsel,
the defendant must show that his lawyer's performance fell below
an objective standard of reasonableness.   Strickland v.
Washington, 466 U.S. 668, 686-87 (1984).   Courts must indulge a
strong presumption that the lawyer's performance falls within the
"wide range of reasonable professional assistance."   Id. at 689.
The defendant also must show prejudice by establishing "a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Id. at 694.

Defendants are entitled to competent representation during
plea negotiations.   Lafler v. Cooper, 132 S. Ct. 1376, 1384
(2012).   "[A] defendant seeking to challenge the validity of his
guilty plea on the ground of ineffective assistance of counsel
must show that (1) his 'counsel's representation fell below an
objective standard of reasonableness,' and (2) 'there is a

4  - ORDER

reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 57-59 (1985)).

## C. Defendant Has Not Shown Ineffective Assistance

I agree with Defendant that Scales incorrectly advised Defendant that the third-degree assault conviction was a crime of violence. The Washington statute requires only negligence:

(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree,

. . . .

(d) With criminal negligence, causes bodily harm to another person by means of a weapon or other instrument or thing likely to produce bodily harm.

Wash. Rev. Code § 9A.36.031(d). I agree with Defendant that his assault conviction is not a crime of violence under the categorical approach used for both the Armed Career Criminal Act and the career offender guideline. See United States v. Sandoval, 390 F.3d 1077, 1081 (9th Cir. 2004) (conviction under third-degree assault statute is not a crime of violence because "it is possible to commit third-degree assault through an unlawful touching that does not involve substantial physical force or seriously risk physical injury"). Because Defendant had only two violent felonies, his attorney was incorrect in advising him that he could be subject to the mandatory minimum sentence

5  - ORDER

under the Armed Career Criminal Act.

Defendant now claims that he would have rejected the plea offer and gone to trial if he had known he was not eligible for sentencing under the Armed Career Criminal Act. But when Defendant was sentenced in December 2008, the convictions for first-degree robbery and residential burglary were classified as crimes of violence, so he was still a career offender under the Sentencing Guidelines.

If Defendant rejected the plea offer and chose to go to trial, he was unlikely to be acquitted. See Def.'s Reply, Ex. D, at 3-4 (presentence report's description of offense of conviction), ECF No. 33-6 (under seal). If convicted after trial, Defendant would have lost the benefit of the three-level reduction for acceptance of responsibility. His total offense level would have increased to 32, and his criminal history category would remain VI, for a guideline range of 210-262 months, as opposed to 151-188 months. Defendant has not shown that his attorney's mistaken advice about the assault conviction prejudiced him.

Because Defendant cannot show ineffective assistance of counsel, the waiver in the plea agreement is enforceable and this motion must be dismissed.

**II.  Defendant's Motion Is Barred By the Statute of Limitations**

Alternately, even if Defendant could show ineffective

6  - ORDER

assistance of counsel, this motion is barred by the one-year statute of limitations in § 2255(f).

## A.  Background

Defendant was sentenced in this court in 2008.  He did not seek direct appeal.

The Supreme Court decided <u>Descamps v. United States</u> on June 20, 2013, clarifying the analysis for determining whether a prior conviction is a violent felony.  133 S. Ct. 2276, 2287 (abrogating <u>United States v. Aguila-Montes de Oca</u>, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam)).  I agree with Defendant that after <u>Descamps</u> rejected the Ninth Circuit's method for determining crimes of violence, Defendant's conviction for residential burglary is not a crime of violence.  <u>See</u> <u>United States v. Wilkinson</u>, 589 F. App'x 348, 350 (9th Cir. 2014) (residential burglary statute, Wash. Rev. Statutes § 9A.52.025, "is broader than generic burglary because it does not require 'an unlawful entry along the lines of breaking and entering'") (quoting <u>Descamps</u>, 133 S. Ct. at 2285).

Defendant states that in July 2014, after being transferred to a penitentiary in Pennsylvania, "[a]nother inmate reviewed my papers and told me that my residential burglary and assault in the third-degree convictions did not qualify as crimes of violence."  Def.'s Ex. C, at 2, ECF No. 33-3.

Six weeks later, Defendant asked Scales to help him file a

7  - ORDER

legal challenge to the sentence.  On September 17, 2014,
Defendant sent case documents to Scales.  Defendant filed this §
2255 motion pro se on November 7, 2014.

### B.  Legal Standards

Section 2255 has a one-year statute of limitations.  28
U.S.C. § 2255(f).  As relevant here, the one-year limitation
period runs from the latest of the date the judgment of
conviction becomes final, or the date "the right asserted was
initially recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review."  28 U.S.C. §
2255(f)(1), (3).

Even if the one-year limitations period has run, a defendant
may be entitled to equitable tolling.  United States v. Buckles,
647 F.3d 883, 887 (9th Cir. 2011).  To qualify for equitable
tolling, the defendant must show that (1) he has been pursuing
his rights diligently, and (2) "'some extraordinary circumstance
stood in his way and prevented timely filing.'"  Id. (quoting
Holland v. Florida, 560 U.S. 631, 649 (2010)).

The defendant bears the burden of showing diligence.  Pace
v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The defendant must
show only reasonable diligence, "not maximum feasible diligence."
Holland, 560 U.S. at 653 (2010) (citations omitted).

8  - ORDER

**C.  Defendant Has Not Shown That Equitable Tolling Should Excuse His Late Filing**

Defendant filed this § 2255 motion more than five years after his conviction became final.  Defendant contends that the one-year statute of limitations in § 2255(f) should be equitably tolled for a combination of reasons: (1) he is actually innocent of the career offender designation; (2) his actual innocence claim was not available until the Supreme Court issued Descamps in June 2013; and (3) he was misled by his attorney's erroneous advice on the third-degree assault conviction.[1]

### 1.  Actual Innocence

Defendant contends that because his residential burglary conviction is no longer a crime of violence after Descamps, he is "actually innocent" of the career offender designation.  The Ninth Circuit has addressed "actual innocence" in a slightly different context, when deciding whether to allow a federal prisoner to use § 2255(e)'s "escape hatch" provision.  Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), cert. denied, 133 S. Ct. 1264 (2013)).  In Marrero, the court explained, "Under the 'escape hatch' of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate

---

[1]Defendant also cites Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is void for vagueness.  Johnson's reasoning also applies to the residual clause of the career offender guideline, but it does not change my analysis here.

or ineffective to test the legality of his detention.'" Id. at 1192 (quoting Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (further quotation marks omitted by Marrero)). The prisoner must "'(1) make[] a claim of actual innocence,'" and (2) show that he "'has not had an unobstructed procedural shot at presenting that claim.'" Id. (quoting Stephens, 464 F.3d at 898).

In Marrero, the federal prisoner argued that he was actually innocent because after he was sentenced as a career offender under the Guidelines, a change in the Guidelines meant that "two of his prior convictions are now considered 'related' offenses, because he was sentenced for them on the same day," so that "he therefore would not qualify as a career offender." Id. at 1193. The Ninth Circuit rejected the prisoner's actual innocence argument, stating, "Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post-2007 Guidelines, his claim is not one of actual innocence." Id. The Ninth Circuit ruled that "actual innocence" in this context means factual innocence, "'not mere legal insufficiency.'" Id. (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Applying that standard, the Ninth Circuit concluded the prisoner was making a "purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes

10 - ORDER

of qualifying to bring a § 2241 petition under the escape hatch."
Id.  The Ninth Circuit noted, "Our sister circuits are in accord
that a petitioner generally cannot assert a cognizable claim of
actual innocence of a noncapital sentencing enhancement."  Id.
(citing decisions from the 1st, 2d, 3d, 5th, 6th, 7th, and 11th
Circuits).

     The Ninth Circuit also distinguished decisions in which
other circuits "have recognized exceptions to the general rule
that a petitioner cannot be actually innocent of a noncapital
sentence under the escape hatch."  Id. at 1194.  The Ninth
Circuit divided these decisions into three categories, none of
which applied there (or here):  (1) when the petitioner is
factually innocent of the crime that was used to enhance the
sentence; (2) when the petitioner "received a sentence for which
he was statutorily ineligible"; and (3) when the petitioner's
sentence "resulted from a constitutional violation."  Id. at
1194-95 (citing decisions).  The Ninth Circuit declined to
address whether to adopt these exceptions because the federal
prisoner there would not have qualified for any of them.
Similarly, assuming the Ninth Circuit would adopt the exceptions,
Defendant here does not claim that he was factually innocent of
the prior convictions, or that he was statutorily ineligible for
the sentence he received, or that a constitutional violation
occurred (other than ineffective assistance of counsel, which I

11 - ORDER

have rejected).   Just as "the purely legal argument that a
petitioner was wrongly classified as a career offender under the
Sentencing Guidelines is not cognizable as a claim of actual
innocence under the escape hatch," so Defendant's claim of actual
innocence here does not support equitably tolling the one-year
statute of limitations.   Defendant bases his argument for actual
innocence on a change in the legal analysis for determining
whether a conviction is a crime of violence, not on factual
innocence.

### 2.   Effect of <u>Descamps</u>

Section 2255(f)(3) provides that the one-year statute of
limitations begins on "the date on which the right asserted was
initially recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review."   Here, Defendant
acknowledges that <u>Descamps</u> does not fall within § 2255(f)(3)'s
coverage because the Supreme Court "did not announce a new rule,
and even if it did, <u>Descamps</u> is not a constitutional case."
<u>Ezell v. United States</u>, 778 F.3d 762, 765-66 (9th Cir. 2015)
(footnote omitted); Def.'s Reply at 29 n.2 (citing <u>Ezell</u>).

Assuming that the date the Supreme Court decided <u>Descamps</u>,
June 20, 2013, is relevant to equitable tolling, Defendant did
not file his § 2255 motion until November 2014.   Defendant states
that in July 2014, another inmate told him that the assault and

12 - ORDER

burglary convictions were not properly classified as crimes of violence. Defendant does not explain his failure to raise this argument sooner. I conclude that Defendant has not shown the diligence necessary to qualify for equitable estoppel. Even if Defendant had shown sufficient diligence, he has not pointed to any extraordinary circumstance that prevented him from timely filing the motion.

**3.   The Erroneous Advice Does Not Toll the Statute**

The erroneous legal advice here does not rise to the level of the type of extraordinary circumstance necessary to excuse Defendant's late filing. See United States v. Aguirre-Ganceda, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Extraordinary circumstances do not include a lawyer's miscalculation of a limitation period.") (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)); United States v. Castro-Verdugo, 750 F.3d 1065, 1071 (9th Cir. 2014) (although defendant's counsel failed to move promptly to correct erroneous sentence, equitable tolling did not apply).

Nor has Defendant shown that the erroneous advice caused his late filing. See Buckles, 647 F.3d at 890. I conclude that Defendant is not entitled to equitable tolling, so his § 2255 motion must be dismissed as untimely.

**CONCLUSION**

Defendant's motion to set aside the sentence (#24) is denied. Defendant is granted a certificate of appealability on

13 - ORDER

the claims for ineffective assistance of counsel and for equitable tolling of the one-year statute of limitations.

IT IS SO ORDERED.

DATED this __7__ day of August, 2015.

OWEN M. PANNER
U.S. DISTRICT JUDGE

14 - ORDER